UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHAUN C. SIMMONS,

                         Plaintiff,

           -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, JAMES
DONOGHUE, JOHN ULMER, STEPHEN
HUNTER, ROBERT SCHULMAN, "JOHN
DOE, 1-10" and "JANE DOE, 1-10",
unidentified police officers employed by the
New York City Police Department, in their
official capacity as police officers, and in their
individual capacity,

                       Defendant(s).

------------------------------------------------------------------X

Civil Action No.: 09-1615
(RJD)(RER)

AMENDED COMPLAINT
JURY TRIAL DEMANDED

       SHAUN C. SIMMONS, by his attorney, DAVID M. HARRISON, ESQ., alleges

the following, upon information and belief, as his Amended Complaint:


NATURE OF THE ACTION


       1.   This civil rights action arises from the unlawful, wrongful and false arrest of

the plaintiff, Shaun C. Simmons occurring on or about December 12, 2006, executed by

police officers and/or detectives operating under the employ, direction, supervision and

control of the defendants, The City of New York and The New York City Police

Department, including defendants James Donoghue, John Ulmer, Stephen Hunter and

Robert Schulman; and the subsequent unlawful, wrongful and false detainment and

imprisonment of the plaintiff, Shaun C. Simmons, as well as the subsequent wrongful,

unjust and malicious prosecution of the plaintiff, Shaun C. Simmons, by the defendants,

The City of New York and The New York City Police Department, including defendants

James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman, resulting in

plaintiff having been wrongfully and improperly jailed and/or imprisoned from

December 12, 2006 to October 9, 2007. The plaintiff, Shaun C. Simmons, seeks

declaratory relief, pursuant to 28 U.S.C. §2201; compensatory and punitive damages

for violation of his civil rights, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§1981,

1985 and 1986, as well as compensatory and punitive damages for wrongful and false

arrest of the plaintiff; compensatory and punitive damages for wrongful and

false imprisonment and detainment of the plaintiff; compensatory and punitive

damages for unlawful, wrongful and malicious prosecution of the plaintiff; and an

award of costs, disbursements and attorney fees under 42 U.S.C. §1988, in

connection with those actions committed by the defendants, The City of New York

and The New York City Police Department, their agents, servants, representatives

and employees, including defendants James Donoghue, John Ulmer, Stephen Hunter

and Robert Schulman, "John Doe, 1-10" and "Jane Doe, 1-10", unidentified

police officers employed by the New York City Police Department, in their official

capacity as police officers, and in their individual capacities

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the

United States Constitution and 42 U.S.C. §§1981, 1983, 1985 and 1986. This Court

has subject matter jurisdiction, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3).

Plaintiff asserts jurisdiction over the City of New York of all claims in this Court under 28 U.S.C. §1367.

## VENUE

3. Under 28 U.S.C. §1391 (b), venue is proper in the Eastern District of New York because Plaintiff resides in that District, and the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

4. That the plaintiff, Shaun C. Simmons, is a resident of the United States of America, residing in the County of Kings, City and State New York.

5. That the defendant, The City of New York, is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York.

6. That the defendant, The New York City Police Department, was established by the defendant, The City of New York, and is maintained by that defendant as a constituent department or agency.

7. That defendant James Donoghue, at all times herein mentioned, was operating under the employ of the New York City Police Department; and was employed in such capacity as a police officer and/or police detective by defendants The City of New York and The New York City Police Department.

8. That defendant John Ulmer, at all times herein mentioned, was operating under the employ of the New York City Police Department; and was employed in such capacity

as a police officer and/or police detective by defendants The City of New York and The New York City Police Department.

9.   That defendant Stephen Hunter, at all times herein mentioned, was operating under the employ of the New York City Police Department; and was employed in such capacity as a police officer and/or police detective by defendants The City of New York and The New York City Police Department.

10.   That defendant Robert Schulman, at all times herein mentioned, was operating under the employ of the New York City Police Department; and was employed in such capacity as a police officer and/or police detective by defendants The City of New York and The New York City Police Department.

11.   That at all times relevant, the defendant, The City of New York, its agents, servants, employees and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/ otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives for the defendants, The City of New York and The New York City Police Department, including defendants James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman.

12.   That at all times relevant, the defendant, The New York City Police Department, its agents, servants, employees and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/or otherwise controlled certain individuals employed and/or serving in the capacity as police officers for the defendants, The City of New York and The New York City Police Department,

including defendants James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman.

13.   That at all times relevant, the 73rd Precinct of the New York City Police Department was a unit, division and/or precinct of the defendant, The New York City Police Department, as part of a constituent department or agency established and maintained by the defendant, The City of New York.

14.   That at all times relevant, the defendant, The City of New York, hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/or otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives for the defendants, The City of New York and/or The New York City Police Department, including the defendants, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe, 1-10" and "Jane  Doe, 1-10", unidentified police officers employed by the New York City Police Department, in their official capacity as police officers, and in their individual capacity, hereinafter referred to as "John Doe"/"Jane Doe".

15.   That at all times relevant, the defendant, The New York City Police Department hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/or otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives for the defendants, The City of New York and/or The New York City Police Department, including the defendants, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman and "John Doe"/"Jane Doe".

16.   That at all times relevant, certain individuals under the employ, direction,

supervision and control of the defendants, The City of New York and The New York

City Police Department, were operating as duly and acting police officers and/or

detectives, including the defendants, James Donoghue, John Ulmer, Stephen Hunter,

Robert Schulman, "John Doe"/"Jane Doe" and/or certain police officers affiliated

with and serving on behalf of the 73rd Precinct of the New York City Police

Department, and were acting under the color of applicable law.

   17.   That at all times relevant, certain individuals under the employ, direction,

supervision and control of the defendants, The City of New York and New York City

Police Department, including defendants James Donoghue, John Ulmer, Stephen

Hunter, Robert Schulman and "John Doe"/"Jane Doe", were acting pursuant to their

authority as New York City police officers, detectives, agents, servants, employees

and/or representatives of the defendants, The City of New York and The New York

City Police Department.  Notwithstanding the unconstitutional and unlawful conduct

of defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John

Doe"/"Jane Doe" and/or certain police officers/detectives affiliated with and serving

on behalf of the 73rd Precinct of the New York City Police Department, who

wrongfully, unlawfully, falsely and/or maliciously arrested, imprisoned and prosecuted

the plaintiff, the actions of said individuals were taken in the course of their duties

as New York City/New York City Police Department police officers, and were

incidental to their otherwise lawful function as agents, servants, employees and/or

representatives of the defendants, The City of New York and The New York City

Police Department.

   18.   That at all relevant times, certain individuals operating under the employ,

direction, supervision and control of the defendants, The City of New York and The New York City Police Department, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe", while acting pursuant to their authority as New York City police officers/detectives and/or agents, servants, employees and/or representatives of defendants The City of New York and The New York City Police Department, acted within the scope of their employment with said defendants.

19.   That alternatively, the individual defendants, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe" and/or certain police officers operating under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department, were, at all relevant times, acting outside the scope of their employment.

<u>FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF</u>

20.   That on or about December 12, 2006, an arrest warrant was issued with respect to the plaintiff, Shaun C. Simmons, pursuant to the application and petition for such by police officers and/or detectives operating under the employ of defendants, The City of New York and/or The New York City Police Department, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman and/or "John Doe"/"Jane Doe".

21.   That said arrest warrant was issued in connection with an incident occurring on April 21, 2006, wherein an individual named Martin Sealy was caused to die, by reason of multiple gunshot wounds; and wherein an individual named Tony Dunbar,

was caused to sustain serious personal injuries by reason of multiple gunshot wounds.

22.   That at the time of said issuance of said arrest warrant concerning the plaintiff, Shaun C. Simmons, by police officers and/or detectives operating under the employ of defendants, The City of New York and/or The New York City Police Department, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman and/or "John Doe"/"Jane Doe", defendants herein had already effectuated an arrest of an individual named John Odom, in connection with said shooting.

23.   That following the date of the alleged shooting (April 21, 2006), police officers and/or detectives operating under the employ of defendants, The City of New York and/or The New York City Police Department, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman and/or "John Doe"/ "Jane Doe", wrongfully identified plaintiff Shaun C. Simmons as a "perpetrator" in connection with the subject incident, despite possessing no reasonable basis, substantive evidence or probable cause that plaintiff participated in said occurrence.

24.   That pursuant to said arrest warrant obtained by defendants herein of plaintiff Shaun C. Simmons, plaintiff was subsequently charged with the following "counts": **(i)** "Murder in the Second Degree"; **(ii)** "Attempted Murder in the Second Degree"; **(iii)** "Assault in the First Degree"; **(iv)** "Assault in the Second Degree"; **(v)** "Assault in the Third Degree; **(vi)** "Criminal Possession of a Weapon in the Second Degree"; **(vii)** "Criminal Possession of a Weapon in the Third Degree"; **(viii)** "Criminal Possession of a Weapon In the Fourth Degree".

25.   That the herein referenced charges brought against plaintiff Shaun C. Simmons by and/or on behalf of defendants herein, were the same charges brought by defendants against said individual named John Odom.

26.   That following the issuance of said arrest warrant herein referenced, the defendant, The City of New York, initiated a criminal prosecution of the plaintiff, Shaun Simmons, which ultimately resulted in a criminal trial.  This action, venued in the Supreme Court of the State of New York, Criminal Term, County of Kings, was assigned Case Number/Docket Number: 10907-2006 (filed on December 19, 2006).

27.   That following the issuance of said arrest warrant herein referenced, the plaintiff, Shaun C. Simmons, remained confined and imprisoned, pursuant to the mandate of the defendants, The City of New York and The New York City Police Department, until October 9, 2007, resulting from the wrongful actions taken by defendants' police officers and/or detectives, including defendants James Donoghue, John Odom, Stephen Hunter, Robert Schulman and/or "John Doe"/"Jane Doe".

28.   That on or about August 15, 2007, said individual named John Odom entered a "guilty plea" arising from said herein referenced charges brought against him; specifically, a plea of guilty to "manslaughter in the first degree".  This guilty plea was rendered by John Odom, in open court before the Honorable Neil Jon Firetog, Supreme Court of the State of New York, Criminal Term, County of Kings, on August 15, 2007 (in connection with the case of People of the State of New York vs. John Odom, pursuant to "Indictment Number" 10907/06).  During the rendering of said guilty plea, John Odom testified that he did not act "in concert" with plaintiff, in connection with said shooting incident occurring on April 21, 2006.  When asked by

Judge Firetog what he saw Shaun Simmons do in connection with the alleged occurrence, John Odom stated, " I didn't see him do anything sir".

29.   That said testimony rendered by John Odom on August 15, 2007, mirrored what said individual had previously informed defendants herein (as well as defendants' arresting officers, including defendants James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman and/or "John Doe"/"Jane Doe"), concerning plaintiff's lack of involvement and participation in said shooting incident.

30.   That at no time were defendants herein ever advised by John Odom that plaintiff Shaun C. Simmons was either involved or acted as a participant in said occurrence taking place on April 21, 2006.

31.   That upon being specifically informed by John Odom as to plaintiff's lack of involvement and participation in said shooting incident (and with John Odom having entered into a guilty plea in connection with charges relating to said shooting incident), defendants herein lacked reasonable basis and/or probable cause to initiate and/or continue with said criminal prosecution undertaken of the plaintiff, resulting from said occurrence.

32.   That as defendants lacked reasonable basis and/or probable cause to initiate and/or continue with criminal prosecution undertaken of the plaintiff, by reason of John Odom's admission as to being the sole perpetrator in connection with said shooting incident; and with John Odom having specifically informed defendants as to plaintiff's lack of involvement and participation in said occurrence; and with defendants being entirely aware as to John's Odom resultant guilty plea; defendants, The City of New York, The New York City Police Department, as well

as defendants' arresting officers, including defendants James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman, clearly acted with malice towards plaintiff Shaun C. Simmons, in refusing to discontinue and/or terminate said criminal prosecution brought against plaintiff.

33.   The defendants, The City of New York and The New York City Police Department, as well as defendants' arresting officers, including defendants James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman, knew or should have known following John Odom's admission as to being the sole perpetrator in connection with said shooting incident, and with John Odom having specifically informed defendants as to plaintiff's lack of involvement or participation in the subject occurrence; and with defendants being entirely aware as to John's Odom resultant guilty plea; that it was unlikely that plaintiff Shaun C. Simmons had either been involved or participated in the subject shooting incident; as the facts and circumstances known to defendants could not lead a reasonable prudent person to believe that plaintiff was guilty of the charges committed.

34.   The defendants, The City of New York and The New York City Police Department, as well as defendants' arresting officers, including defendants James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman, acted in bad faith by initiating and/or continuing with their prosecution of the plaintiff, Shaun C. Simmons, as defendants, upon being advised by John Odom that he was the sole perpetrator in connection with said shooting incident; and with John Odom having specifically informed defendants as to plaintiff's lack of involvement or participation in the subject occurrence; and in being entirely aware as to John

Odom's resultant guilty plea, knew, or should have known, that it was unlikely that plaintiff Shaun C. Simmons had been either involved or participated in the subject shooting incident.

35.   The defendants, The City of New York and The New York City Police Department, as well as defendants' arresting officers, including defendants James Donoghue, John Ulmer, Stephen Hunter and Robert Schulman, acted with malice by initiating and/or continuing with their prosecution of the plaintiff, Shaun C. Simmons, upon being advised by John Odom that he was the sole perpetrator in connection with said shooting incident, and upon being informed by John Odom that plaintiff Shaun C. Simmons was neither involved nor participated in the subject occurrence; and with defendants being entirely aware as to John's Odom resultant guilty plea.  Defendants acted with malice in continuing with their prosecution of plaintiff herein, as defendants did not possess a reasonable basis or probable cause to believe that plaintiff was either involved or participated in the subject occurrence, following said admission by John Odom.  As such, defendants' motive for initiating and/or  continuing said criminal prosecution of the plaintiff was improper.

36.   That on or about October 9, 2007, the plaintiff, Shaun C. Simmons, was acquitted of all charges brought against him, as referenced above (in connection with the case of People of the State of New York vs. Shaun Simmons, pursuant to "Indictment Number"/"Case Number" 10907/06, venued in the Supreme Court of the State of New York, Criminal Term, County of Kings).  The case brought against plaintiff by and/or one behalf of defendants against plaintiff was therefore dismissed.

37. That on or about October 9, 2007, said criminal prosecution brought by defendants against the plaintiff, Shaun C. Simmons, was adjudicated in favor of the plaintiff.

38. That the plaintiff, Shaun C. Simmons, was released from defendants' custody on October 9, 2007, upon plaintiff's case being "dismissed" by the Honorable Court, upon findings by a jury that plaintiff had been wrongfully identified as an individual perpetrating the crimes alleged to have occurred on April 21, 2006, resulting in plaintiff having been wrongfully, falsely and maliciously charged for a crime which plaintiff did not commit; and with plaintiff being wrongfully, falsely and maliciously arrested; and with plaintiff being wrongfully, falsely and maliciously detained; and with plaintiff being wrongfully, falsely and maliciously imprisoned, as well as wrongfully, falsely and maliciously jailed for an extensive period of time (December 12, 2006 to October 9, 2007); and with plaintiff having been wrongfully, falsely and maliciously prosecuted for a crime which plaintiff did not commit.

39. That plaintiff Shaun C. Simmons was unlawfully, wrongfully, falsely and/or maliciously charged with a crime; arrested, detained, imprisoned and prosecuted by defendants The City of New York and The New York City Police Department, their agents, servants, employees and/or representatives, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe" and/or certain individuals operating as police officers under the employ, direction, supervision and/or control of defendants The City of New York and The New York City Police Department, their agents, servants, employees

and/or representatives, which included said defendants herein referenced operating in the capacity as certain police officers/detectives affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department.

40.   That the plaintiff, Shaun C. Simmons, was unlawfully detained, confined, imprisoned and held within defendants' custody, while being criminally prosecuted, even though plaintiff had committed no crimes, and despite defendants' arresting police officers, including the defendants, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/Jane Doe" and/or certain police officers affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, having possessed no reasonable basis or probable cause, warrant or exigency, to believe that plaintiff had been involved, participated and/or committed any  crimes concerning the subject shooting incident.

41.   That the plaintiff, Shaun C. Simmons, was unlawfully, wrongfully, falsely and maliciously prosecuted by defendants, even though plaintiff had committed no crime, and with defendants having been specifically advised by the individual who ultimately entered into a guilty plea in connection with the subject shooting incident (John Odom) that plaintiff was not involved in such occurrence; and with defendants The City of New York and The New York City Police Department, as well as defendants' arresting police officers, including the defendants, James Donoghue, John Ulmer,  Stephen Hunter, Robert Schulman, "John Doe"/Jane Doe" and/or certain police officers affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, having possessed no reasonable basis or probable cause, warrant or exigency, to believe that plaintiff had committed such crime upon being

informed by John Odom as to plaintiff's lack of involvement in connection with the occurrence.

42.   That the plaintiff, Shaun C. Simmons, was unlawfully charged, arrested, detained, confined, imprisoned and jailed within police custody; and was wrongfully, falsely, improperly and/or maliciously prosecuted in connection with the subject shooting incident, resulting in plaintiff having suffered deprivation of constitutional rights, as well as loss of freedom, in addition to other damages.  Plaintiff also suffered the physical and psychological  trauma, shock, debasement, fright, great disgrace, embarrassment, loss of self esteem,  emotional harm and humiliation of being publicly detained and placed in custody, without any just or probable cause.

43.   That upon information and belief, and at all times pertinent hereto, the defendants, The City of New York and The New York City Police Department, their agents, servants, employees and/or representatives, permitted and tolerated a pattern and practice of wrongful and  unreasonable conduct rendered by defendants and defendants' police officers, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe" and/or certain police officers affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, operating under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department.

44.   That upon information and belief, the defendants, The City of New York and The New York City Police Department, their agents, servants, employees and/or representatives, maintained a system of review of police conduct which is so untimely and cursory as to be ineffective; and permitted and tolerated the wrongful and

unreasonable conduct of force by police officers, including defendants James

Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe"

and/or certain police officers affiliated with and/or serving on behalf of the

73rd Precinct, New York City Police Department, operating under the employ,

direction, supervision and control of defendants The City of New York and New

York City Police Department.

    45.   That the acts, omissions, systematic flaws, policies, and customs of the

defendants, The City of New York and The New York City Police Department, their

agents, servants, employees and/or representatives, including defendants James

Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe",

caused, in whole or in part by said defendants and/or certain police officers affiliated

with and/or serving on behalf of the 73rd Precinct, New York City Police

Department, while operating under the employ, direction, supervision and/or control

of the defendants, The City of New York and The New York City Police Department,

to wrongfully, unlawfully and falsely charge and arrest plaintiff for committing a

crime which plaintiff did not commit; and thereafter wrongfully,  unlawfully and

falsely detaining, confining, imprisoning and jailing plaintiff, with said imprisonment

and jailing of plaintiff continuing for an extensive period of time, while also wrongfully,

improperly and maliciously prosecuting plaintiff, despite defendants and/or certain

police officers affiliated with and/or serving on behalf of the defendants herein,

having  been specifically advised by John Odom, an admitted perpetrator to the subject

occurrence, that plaintiff was not involved and did not participate in said shooting

incident.   The defendants, The City of New York and The New York City Police

Department, their agents, servants, employees and/or representatives, including

defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John

Doe"/"Jane Doe", wrongfully, improperly and falsely charged, arrested, detained and

imprisoned the plaintiff, Shaun C. Simmons, resulting in plaintiff having been jailed

and imprisoned for an extensive period of time by reason of charges upon which

defendants possessed no reasonable basis, substantive evidence or probable cause;

and with plaintiff having been wrongfully, improperly and/or maliciously prosecuted,

despite defendants possessing no reasonable basis or probable cause to believe that

plaintiff had committed said crime, following defendants having been informed by

John Odom, an individual who pleaded guilty to said shooting, that plaintiff had not

either committed or been involved with the subject shooting incident; all before

plaintiff was acquitted of all charges wrongfully brought against him by defendants.

46.   That as a result of the wrongful actions taken by defendants herein, the

plaintiff, Shaun Simmons, sustained damages, including deprivation of his constitutional

rights afforded him under the Fourth and Fourteenth Amendment to the United States

Constitution, as well as violation of his civil rights, pursuant to the dictates imposed by

42 U.S.C. §1983; and 42 U.S.C. §§1981, 1985 and 1986.


**FIRST CAUSE OF ACTION AGAINST THE
DEFENDANTS HEREIN, FOR VIOLATION
OF PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES
AND SEIZURES UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO
THE UNITED STATES CONSTITUTION,
AND IN VIOLATION OF 42 U.S.C. § 1983
AND 42 U.S.C. §§ 1981, 1985 AND 1986.**

47.   That plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth more fully herein.

48.   That as a result of the aforementioned actions, including unlawful, wrongful, false and malicious arrest, seizure, imprisonment, confinement, detainment and jailing of the plaintiff by the defendants, The City of New York, The New York City  Police Department, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe", individually, and through their agents, servants, employees and/or representatives, deprived the plaintiff, Shaun C. Simmons, of the rights, privileges and immunities secured by the Constitution and laws of the United States; specifically the Fourth and Fourteenth Amendments to the United States Constitution; and in violation of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, including, but not limited to, plaintiff's right to be free and secure in his person, and to be free from arrest, search and seizure, except on probable cause or pursuant to warrant.

49.   That the wrongful and false charges, arrest, seizure, imprisonment, confinement, detainment and jailing of the plaintiff, Shaun C. Simmons, by the defendants,  The City of New York and The New York City Police Department, vicariously, by and through their agents, servants, employees and/or representatives, including the defendants, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe" and/or certain police officers/detectives affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, was unnecessary, improper, excessive and was not reasonably justified under any circumstances.

50.   That the wrongful and false charges, arrest, detainment, jailing and imprisonment of the plaintiff, Shaun C. Simmons, by the defendants, The City of New York and The New York City Police Department, vicariously, by and through their agents, servants, employees and/or representatives, including the defendants, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/ "Jane Doe" and/or certain police officers/detectives affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, constituted an intentional, willful, malicious, reckless and/or grossly negligent disregard for and/ or deliberate indifference to plaintiff's rights, as well as plaintiff's physical and emotional well-being.

51.   That the aforementioned conduct perpetrated by the defendants, The City of New York and The New York City Police Department, vicariously, by and through their agents, servants, employees and/or representatives, including the defendants, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe", and/or certain police officers/detectives affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, resulted in deprivation of plaintiff's constitutional rights, as well as immediate injury to the plaintiff in the form of humiliation, embarrassment and suffering.

52.   That as a result of the foregoing, plaintiff has been damaged and injured.

SECOND CAUSE OF ACTION AGAINST
THE DEFENDANTS HEREIN, FOR
FALSE/WRONGFUL IMPRISONMENT,
IN VIOLATION OF THE FOURTH
AND FOURTEENTH AMENDMENTS TO
THE UNITED STATES CONSTITUTION,

AND IN VIOLATION OF 42 U.S.C. § 1983
AND 42 U.S.C. §§ 1981, 1985 AND 1986.

53.    That plaintiff repeats the allegations of paragraphs 1-52, as if set forth in full herein.

54.    That by reason of the foregoing, the defendants, The City of New York and the New York City Police Department, their agents, servants, employees and/or representatives, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe", and/or certain police officers/detectives affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, while operating under the employ, supervision, direction and control of defendants The City of New York and New York City Police Department, intentionally, wrongfully, falsely, maliciously and/or improperly charged, arrested, confined, detained, jailed and imprisoned the plaintiff, Shaun C. Simmons, without privilege, probable cause or reasonable basis to believe that plaintiff had committed a crime, and in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.  The plaintiff was aware of and did not consent to the confinement, detainment, jailing or imprisonment.

55.    That as a result of the foregoing, plaintiff has been injured and damaged.

THIRD CAUSE OF ACTION AGAINST THE
DEFENDANTS HEREIN, FOR WRONGFUL,
FALSE AND MALICIOUS PROSECUTION,
RESULTING IN PLAINTIFF'S DEPRIVATION
OF CONSTITUTIONAL RIGHTS, INCLUDING
PLAINTIFF'S  RIGHT TO BE FREE FROM

UNREASONABLE SEARCHES AND
SEIZURES, PURSUANT TO THE FOURTH
AND FOURTEENTH  AMENDMENTS TO
THE UNITED STATES CONSITITUTION,
AND IN VIOLATION OF 42 U.S.C. § 1983,
<u>AND 42 U.S.C. §§ 1981, 1985 AND 1986.</u>

56.   That plaintiff repeats the allegations of paragraphs 1-55, as if set forth in full herein.

57.   That by reason of the foregoing, the defendants, The City of New York and the New York City Police Department, their agents, servants, employees and/or representatives, including defendants James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe", and/or certain police officers/detectives affiliated with and/or serving on behalf of the 73rd Precinct, New York City Police Department, while operating under the employ, supervision, direction and control of defendants The City of New York and New York City Police Department, intentionally, wrongfully, falsely, improperly and/or maliciously prosecuted plaintiff Shaun C. Simmons without privilege, probable cause or reasonable basis to believe that plaintiff had committed the subject crime, following advisement by John Odom, an individual who entered into a guilty plea in connection with the subject shooting incident, that the plaintiff, Shaun C. Simmons, had neither been involved nor participated in the subject occurrence; all of which was in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.  The plaintiff was aware of and did not consent to the confinement, detainment, jailing or imprisonment; and or being subject to said criminal prosecution initiated and/or continued by

defendants.

58.   That as a result of the unlawful, wrongful, false, improper and malicious prosecution of the defendants, The City of New York, The New York City Police Department, James Donoghue, John Ulmer, Stephen Hunter, Robert Schulman, "John Doe"/"Jane Doe", individually, and through their agents, servants, employees and/or representatives, deprived the plaintiff, Shaun C. Simmons, of the rights, privileges and immunities secured by the Constitution and laws of the United States; specifically the right to be free of unreasonable searches and seizures, as set forth by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution; and in violation of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, including, but not limited to, plaintiff's right to be free and secure in his person, and to be free from criminal prosecution, except on the basis of reasonable or probable cause.

59.   That as a result of the foregoing, plaintiff has been injured and damaged.


## REQUEST FOR RELIEF


WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

(A)   Declaratory relief as follows:

1.   As to the first cause of action, a declaration that Plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated, resulting from the unlawful, wrongful and false arrest, seizure, imprisonment, confinement and detainment of the plaintiff,

thereby resulting in plaintiff sustaining deprivation of his constitutional rights, as well as violation of plaintiff's civil rights, in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.

     2.  As to the second cause of action, a declaration that defendants intentionally, wrongfully and/or improperly charged, arrested, confined, detained, jailed and imprisoned plaintiff, without privilege, probable cause or reasonable basis to believe that plaintiff had committed a crime, which actions thereby an intentional, willful, malicious, reckless and/or grossly negligent disregard for and/or deliberate indifference to plaintiff's rights, as well as plaintiff's physical and emotional well-being; and in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.

     3.  As to a third cause of action, a declaration that Plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated, resulting from the unlawful, wrongful and malicious prosecution of the plaintiff, thereby resulting in plaintiff sustaining deprivation of his constitutional rights, including violation of plaintiff's civil rights, in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.

    (B)    Compensatory damages in an amount to be fixed at trial;

    (C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

    (D)    An award to Plaintiff of the costs and disbursements herein;

    (E)    Such other and further relief as this Court may deem just and proper.

Dated:        Brooklyn, New York
              October 30, 2009

                              _____
                              DAVID M. HARRISON, ESQ./ DH6188
                              Attorney for Plaintiff
                              SHAUN C. SIMMONS
                              Office & P.O. Address
                              48 Willoughby Street
                              Brooklyn, New York  11201
                              (718) 243-2109

UNITED STATES DISTRICT COURT                    CV No.: 1615-09 (RJD) (RER)
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------

SHAUN C. SIMMONS,

                                    Plaintiff,


            v.


THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, JAMES
DONOGHUE, JOHN ULMER, STEPHEN
HUNTER, ROBERT SCHULMAN, "JOHN
DOE, 1-10" and "JANE DOE, 1-10", unidentified
police officers employed by the New York City
Police Department, in their official capacity as
police officers, and in their individual capacity,

                                    Defendant(s).


-------------------------------------------------------------------------------------------------


                  **<u>AMENDED COMPLAINT</u>**


-------------------------------------------------------------------------------------------------

                  **DAVID M. HARRISON, ESQ.**
                  Attorney for the Plaintiff
                  SHAUN C. SIMMONS
                  Office & P.O. Address
                  48 Willoughby Street
                  Brooklyn, New York 11201
                  (718) 243-2109


-------------------------------------------------------------------------------------------------
PLEASE TAKE NOTICE:
   [ ] <u>Notice of Entry</u>
   that the within is a (certified) true copy of Order                    duly entered in the
office of the clerk of the within named court on


   [ ] <u>Notice of Settlement</u>

   that an order                    of which the within is a true copy
   will be presented for settlement to the HON          one of the judges of the
   within named Court, at
   on                    20       at          M.
         Dated,                           Yours, etc.